NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT R. HILL, *pro se*, | : |
| | : Civ. No. 05-6035 (GEB) |
| Plaintiff, | : |
| | : |
| v. | : **MEMORANDUM OPINION** |
| | : |
| OCEAN COUNTY JAIL MEDICAL | : |
| DEPARTMENT, *et al.*, | : |
| | : |
| Defendants. | : |

**BROWN, Chief Judge**

This matter comes before the Court upon pro se plaintiff Robert R. Hill's ("Plaintiff") application for pro bono counsel and the motion of defendant Ocean County Department of Corrections (improperly plead as Ocean County Jail Complex and County of Ocean and hereinafter referred to as "Defendant") to dismiss Plaintiff's Complaint. The Court, having considered the parties' respective submissions and having decided the matters without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, denies Plaintiff's application for pro bono counsel and denies Defendant's motion to dismiss the Complaint.

**I. BACKGROUND**

On or about December 28, 2005, Plaintiff filed his Complaint alleging violations of his civil rights under 42 U.S.C. § 1983 against Defendant for allegedly failing to provide him with his prescribed medication. On March 27, 2006, the Court entered an Order, inter alia, deeming

dismissal of the Complaint not warranted under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, granting Plaintiff's application to proceed in forma pauperis, and noticing Plaintiff of the opportunity to apply in writing for the appointment of pro bono counsel.  On April 6, 2006, the Court received Plaintiff's application for pro bono counsel.

On May 3, 2006, Defendant filed the instant motion to dismiss Plaintiff's Complaint. The Court has no record of any opposition filed by Plaintiff.

**II. DISCUSSION**

    A.  Standard for a Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.  Oran v. Stafford, 226 F.3d 275, 279 (3d Cir. 2000); Langford v. City of Atlantic City, 235 F.3d 845, 850 (3d Cir. 2000); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986).  The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.), cert. denied, 474 U.S. 935 (1985).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff.  [The motion can be granted] only if no relief could be granted under any set of facts that could be proved."  Turbe v. Government

of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)(citing Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); see also Langford, 235 F.3d at 850; Dykes v. Southeastern Pa. Transp. Auth., 68 F.3d 1564, 1565 n.1 (3d Cir. 1995), cert. denied, 517 U.S. 1142 (1996); Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citation omitted).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the . . . claim . . . ." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness.  Papasan v. Allain, 478 U.S. 265, 286 (1986)(citation omitted); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)(stating that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.")(citations omitted)).

    B.  Standard for Appointment of Pro Bono Counsel

"The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants." Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997)(citations omitted).  However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  District courts are vested with broad discretionary authority to determine whether counsel should be designated to such a civil pro se plaintiff.  See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196

(1994).

> [T]he appointment of counsel for an indigent plaintiff in a civil case under 28 U.S.C. §1915[(e)(1)] is discretionary with the court and is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but meritorious case.

Id. at 154 (citation omitted). However, the Third Circuit has clearly indicated that courts should be careful in appointing pro bono counsel because volunteer lawyer time is a precious commodity and it should not be wasted on frivolous cases. See Parham, 126 F.3d at 458. Therefore, the appointment of counsel should be given consideration only if the plaintiff has not alleged a frivolous or malicious claim, but one that has "some merit in fact and law." Id. at 457 (citation omitted).

If the court determines that the claims do indeed have some merit in fact and law, then additional factors should be considered. These factors include: (1) the plaintiff's ability to present his or her case based on such factors as education, literacy, prior work experience, prior litigation experience, the substantive nature of the claim, and/or the ability to understand English; (2) the complexity of the legal issues involved and the lawyering skills required for an effective presentation of the claim; (3) whether the claims are likely to require extensive discovery or compliance with complex discovery rules; and (4) whether the case is likely to turn on credibility determinations or if expert testimony is necessary. See Tabron, 6 F.3d at 155-56. The Third Circuit noted that this list is not exhaustive, and stressed that the "appointment of counsel remains a matter of discretion; section 1915[(e)(1)] gives district courts broad discretion to determine whether appointment of counsel is warranted, and the determination must be made on

a case-by-case basis." Id. at 157-58 (citations omitted).  Moreover, the court emphasized that these considerations should be balanced against "the significant practical restraints on the district courts' ability to appoint counsel," such as: the growing number of prisoner civil rights actions filed in federal court; the lack of funding to pay for the appointed counsel; the limited number of competent attorneys willing to undertake such cases without compensation; and the valuable time lawyers volunteer for such representation.  See id. at 157.

      C.  The Facts Alleged in Plaintiff's Complaint May Support the Claim for Deliberate Indifference

First, in accordance with the Tabron factors enunciated above, the Court finds that Plaintiff is able to communicate the nature of his claims and the accompanying facts clearly and coherently.  Furthermore, it appears that the relevant discovery for this claim is limited in scope, and it does not appear that this claim will turn on credibility determinations or expert testimony.  Therefore, mindful of the practical restraints on the Court's ability to appoint counsel, this Court finds that it is inappropriate to appoint counsel at the present time and denies without prejudice Plaintiff's application for pro bono counsel.

As to Defendant's motion to dismiss, a violation of a prisoner's Eighth Amendment rights may occur where there is unnecessary and wanton infliction of pain due to the deliberate indifference of prison officials to the serious medical needs of their prisoners.  Although Defendant essentially asserts that the record does not support Plaintiff's claims, the well settled standard for motions under Rule 12(b)(6), set forth above, frames the issue as not whether Plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.  Given that Defendant's arguments in favor of its motion to dismiss included exhibits of medical

records for support and mindful of the requirement that Plaintiff's pro se Complaint should be construed liberally, see Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004), the Court finds that Plaintiff's Complaint sufficiently states a claim under which relief could be granted. Consequently, the Court denies Defendant's motion to dismiss, but without prejudice to the filing of a motion under Rule 56.[1]

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's application for pro bono counsel is denied without prejudice and Defendant's motion to dismiss the Complaint is denied. An appropriate form of order is filed herewith.

Dated: June 6, 2006

    s/ Garrett E. Brown, Jr.
    GARRETT E. BROWN, JR., U.S.D.J.

---

[1] Defendant's reliance on exhibits beyond the Complaint would necessitate the Court converting the motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56 and noticing the parties of the conversion before disposition. See In re Rockefeller Ctr. Props, Inc. Sec. Litig., 184 F.3d 280, 287-89 (3d Cir. 1999). Consequently, the Court concludes that any subsequent motions are best left to the discretion of the parties.