**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBERT HILL, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 05-6035 (GEB) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| OCEAN COUNTY JAIL MEDICAL | : | |
| DEPARTMENT, and OCEAN COUNTY | : | |
| JAIL COMPLEX, OCEAN COUNTY | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon defendant Prison Health Services, Inc.'s ("PHS"), incorrectly named in the pleadings as Ocean County Jail Medical Department, Motion for Summary Judgment and upon defendant Ocean County's, incorrectly named in the pleadings as Ocean County Jail Complex, Motion for Summary Judgment. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considered the submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, will grant both motions.

## I.      BACKGROUND

On December 29, 2005, Hill filed a *pro se* Complaint against the defendants, alleging they violated 42 U.S.C. § 1983 by refusing to provide him with various medications while he was

1

incarcerated at the Ocean County Jail.  (PHS Brief at 1.)  Hill is a disabled veteran who was honorably discharged from the Marine Corps in 1994 for medical problems associated with his back and shoulder.   (Hill Dep. 6:7-16).  He alleges that prior to his incarceration, the East Orange Veteran's Hospital prescribed the following medications for his ailments: anxiety, allergy and pain medication, as well as Maalox and testosterone patches.  (Compl. at 5); (Hill Dep. 8:19-9:15.)  Hill alleges that since the beginning of his incarceration, he has filled out forms requesting these medications and has spoken to the "jail psychologist" regarding the same. (Compl. at 5.)  He alleges that the defendants have nevertheless refused to provide these medications.  *Id*.

Hill has received medical and dental treatment at the Jail for various ailments.  The Jail requires an inmate seeking medical treatment to fill out a "Medical/Dental Request" form.  (PHS Statement of Undisputed Facts Ex. E (Hill's submitted "Medical/Dental Request" forms).)   The form is contained on a single sheet of paper and consists of two parts.  The top half encompasses the prisoner's request for medical treatment and a brief description of his ailment, while the bottom half encompasses the treating physician's comments, including the recommended treatment.

The "Medical/Dental Request" forms submitted by Hill show that PHS's physicians or nurses responded to virtually every one of his requests for medical and dental treatment by examining him, prescribing various medications including  Motrin, cold tablets, antibiotics, cough syrup and anti-fungal cream, and taking him to a physician outside of the Jail.  *Id*.  Donato Santagelo, M.D., the medical director of the Ocean County Jail, stated in his certification that he and his staff have examined Hill on numerous occasions and have provided him with all of the

2

medications they deemed necessary.  (PHS Statement of Undisputed Facts Ex. M (Santagelo

Cert.).)  Additionally, Hill received extensive medical examinations upon admission to the Ocean

County Jail on July 7, 2003, including a health screening, a mental health screening and a

psychiatric evaluation.  (PHS Statement of Undisputed Facts ¶¶ 11-14.)

      Hill alleges that PHS is directly responsible for denying him the medications and that

Ocean County is responsible for PHS's omissions because it supervises the Jail.  (Compl. at 2-3.)

Specifically, Hill states in the Complaint that Ocean County is responsible for his injuries

because it "is responsible for every day running of Jail and its employees." *Id*. at 3.  Hill stated

during  his deposition that he named Ocean County as a defendant because "the name of the jail

is Ocean County Jail."  (Hill Dep. 83:3-8.)  PHS is a private corporation that provides medical

services within the Jail pursuant to a contract it entered into with Ocean County.

      On January 2, 2007, Ocean County filed the pending Motion for Summary Judgment.  On

January 31, 2007, PHS filed the pending Motion for Summary Judgment.  The Court has

received no opposition by Hill, and the time for opposition has passed.


## II.    DISCUSSION

### A.    Standard of Review

      In deciding a motion for summary judgment, a court should grant the motion if "there is

no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. P. 56(c).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23

(1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996).  The threshold

inquiry is whether "there are any genuine factual issues that properly can be resolved only by a

finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *See Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).  In arguing against a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

### B.      Ocean County's Motion

Ocean County argues that it is entitled to summary judgment because Hill's claims are premised solely on vicarious liability and Hill has not identified an Ocean County policy or custom pursuant to which he was denied the said medications.  (Ocean County Brief at 4-5.)  The United States Supreme Court established in *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), that a municipality cannot be held vicariously liable under Section 1983 solely for the actions of its employees.  However, a municipality is subject to liability when its employee's execution of an official municipal policy or custom results in a violation of federal law.  *Id.*  It is not sufficient for a plaintiff to identify some harmful conduct that may be attributed to a municipality.  *Bd. Of County Comm'Rs v. Brown*, 520 U.S. 397, 404 (1997).  A municipality must be the "moving force" behind the deprivation of a right.  *Id.*  A plaintiff bears the burden of proving "that the municipal action was taken with the requisite degree of culpability" and that there is a "direct causal link between the municipal action and the deprivation of federal rights." *Id.*

4

Therefore, to hold a municipality liable under Section 1983, a plaintiff must establish that either a municipal policy or a municipal custom caused the alleged harm. *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007). A policy is established by showing that "'a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Id.* (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986))). A custom is established "'by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Watson*, 478 F.3d at 155-56 (quoting *Bielvicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). In both circumstances, the plaintiff must establish that "an official who had the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Watson*, 478 F.3d at 156 (quoting *Bielvicz v. Dubinon*, 915 F.2d at 850).

In the present action, Hill's claims against Ocean County are premised solely on vicarious liability. In the Complaint, Hill states that Ocean County is responsible for PHS's refusal to provide the said medications because "it is responsible for every day running of jail and its employees." Similarly, during his deposition, Hill stated that he named Ocean County as a defendant because "the name of the jail is Ocean County Jail." Hill has not identified any Ocean County policy or custom responsible for his alleged injuries. He also has not alleged that PHS acted pursuant to an Ocean County policy or custom in denying him the said medications. Pursuant to *Monell* and its progeny, Ocean County cannot be liable under Section 1983 for PHS's

alleged omissions.

### C.     PHS's Motion

PHS raises two arguments in support of its motion.  First, it argues that it cannot be held vicariously liable under Section 1983 for denying Hill the said medications.  (PHS Brief at 4.) The Court will not address this argument because Hill alleges that PHS is directly liable for his injury.  Specifically, the Complaint states that PHS violated Hill's constitutional rights by denying him his "normal medication."  (Compl. at 2.)

Second, PHS argues that Hill failed to allege any facts establishing that PHS acted with deliberate indifference to his serious medical needs in violation of the Eight Amendment, and consequently Section 1983.  (PHS Brief at 2-6.)  Section 1983 imposes liability on any person who, while acting under the color of state law, deprives another of the rights, privileges and immunities secured by the Constitution or laws of the United States.  42 U.S.C. § 1983.  Section 1983 is not a source of substantive rights; rather, it provides "'a method for vindicating federal rights elsewhere conferred.'"  *Taylor v. Plousis*, 101 F. Supp.2d 255, 261 (D.N.J. 2000) (quoting *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)).  The Third Circuit Court of Appeals has established that "a civil rights complaint under § 1983 must set forth with factual specificity the conduct of defendants alleged to have harmed the plaintiff."  *Taylor*, 101 F. Supp.2d at 261 (quoting *Darr v. Wolfe*, 767 F.2d 79, 80 (3d Cir. 1985)).

The Eighth Amendment provides the constitutional basis for a Section 1983 claim filed by a prisoner alleging deprivation of medical treatment.  *See Estelle v. J.W. Gamble*, 429 U.S. 97,

102-03 (1976) (The Eighth Amendment establishes "the government's obligation to provide medical care for those whom it is punishing by incarceration."). Failure to provide medical treatment is actionable only if it results in "unnecessary and wanton infliction of pain." *Id*. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976.)). To plead a *prima facie* Eighth Amendment claim, a plaintiff must allege that the defendants acted with "deliberate indifference" to his "serious medical needs." *Estelle*, 429 U.S. at 104. Courts have treated this standard as a two-prong test, separately examining whether the defendants acted with "deliberate indifference" and also whether the plaintiff's medical needs were sufficiently "serious." *See, e.g.*, *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979); *Taylor*, 101 F. Supp.2d at 262.

The "deliberate-indifference" standard is stringent. Mere allegations of medical negligence are insufficient. *Estelle*, 429 U.S. 106. This standard is met when defendants deny reasonable requests for medical care and thereby expose the plaintiff "to undue suffering or the threat of tangible injury" or when defendants know the plaintiff needs medical care, but intentionally refuse to provide it. *Monmouth County Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976)).

The "deliberate-indifference" standard is not met when a plaintiff or another medical professional merely disagree with the defendants' diagnosis or chosen course of treatment. *Estelle*, 429 U.S. 107; *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990) (No Eighth Amendment violation is stated "when a *doctor* disagrees with the professional judgment of another doctor. There may, for example, be several acceptable ways to treat an illness.").

7

Generally, prison authorities are afforded considerable latitude in the diagnosis and treatment of prisoners.  Courts will not second-guess a chosen treatment plan that is a question of the physician's sound professional judgement and chosen after the physician has informed himself of the prisoner's illness.  *Inmates of Allegheny County Jail,* 612 F.2d at 762.

In the present action, Hill has not proffered any evidence establishing that PHS acted with deliberate indifference.  Hill does not allege that PHS ignored his requests for medical or dental treatment.  The Medical/Dental Request forms submitted by Hill prove that PHS responded to virtually every one of his requests for treatment.  Rather, Hill's claim is premised solely on the fact that PHS didn't give him the medications that he was previously prescribed.  Drawing all reasonable inferences in favor of Hill, at most, Hill's allegations show that PHS disagreed with him and the East Orange Veteran's Hospital regarding the appropriate course of treatment.  This is insufficient to support a claim of Eighth Amendment violation.

PHS's chosen course of treatment is entitled to wide latitude: First, Hill has generally described his disability as back and shoulder problems.  (Hill Dep. 6:13-14).  Hill has not alleged that there is only one appropriate course of treatment for these; therefore, PHS's chosen course of treatment was a question of their physicians' sound professional judgments.  Second, PHS's treatment choice was well informed because PHS conducted numerous examinations of Hill when he was initially incarcerated in 2003, and examined and treated virtually every one of the ailments Hill complained of in his Medical/Dental Request forms.  Dr. Santagelo confirmed in his certification that PHS's staff was aware of Hill's medical needs and have prescribed to him all of the medications they deemed necessary.  Because Hill failed to satisfy the "deliberate-indifference" prong, there is no need to address whether Hill's injuries are sufficiently "serious."

8

**III.    CONCLUSION**

For these reasons, PHS's and Ocean County's Motions for Summary Judgment are

GRANTED.  An appropriate form of order is filed herewith.


Dated: May 10, 2007

                                                            ___s/ Garrett E. Brown, Jr._____
                                                            GARRETT E. BROWN, JR., U.S.D.J.